Commonwealth *v.* Martin, Appellant.

Submitted March 18, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Fremont J. McKenrick,* Public Defender, for appellant.

*Randall C. Rodkey,* Assistant District Attorney, and *Caram J. Abood,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, April 23, 1974:

This appeal ensues from the lower court's dismissal, without a hearing, of appellant's pro se petition under the Post Conviction Hearing Act, 19 P.S. § 1180-1 *et seq.* Rule 1501 of the Pennsylvania Rules of Criminal Procedure provides that PCHA petitions are to be substantially in conformity with the form outlined therein. In particular, paragraph 12 of that form provides the petitioner with the opportunity to request the appointment of counsel or to indicate that he does not wish to be represented by counsel. The form supplied

to appellant did not contain a paragraph similar to paragraph 12 of Rule 1501. Nor does the record show that appellant was informed of his right to the assistance of counsel in filing his PCHA petition or, alternatively, that he waived counsel.

Rule 1503 of the Pennsylvania Rules of Criminal Procedure pertinently provides that "[t]he court, on its own motion, shall appoint counsel to represent a petitioner whenever the interests of justice require it." We feel that the interests of justice require that appellant have the assistance of counsel in the filing of his PCHA petition, particularly where it is alleged, with support from the record, that appellant is mentally retarded.

Accordingly, the order of the Court of Common Pleas dismissing appellant's petition is reversed, and the matter is remanded for the appointment of counsel to assist appellant in the preparation and filing of his PCHA petition.